UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NUMBER: 21-MJ-609 |
| v. | : | |
| | : | |
| RAYMOND GLOVER, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO RECONSIDER PRETRIAL DETENTION

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Raymond Glover's "Motion to Reconsider Pre-Trial Incarceration," filed through counsel, Dkt. No. 40.

The § 3142(g) factors have not changed, and the information the Defendant provides in his motion is not of the kind "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Therefore, the motion for reconsideration should be denied.

### RELEVANT PROCEDURAL HISTORY

The Defendant has once before moved this Court for reconsideration, arguing that placement in the High Intensity Supervision Program with strict conditions of release would reasonably assure the safety of the community. *See* Dkt. No. 12. In that motion for reconsideration, the Defendant suggested an alternative third-party custodian (different from the custodian first suggested), offered a secondary third-party custodian, and directed the Court's attention to the conditions at D.C. Jail, where the Defendant was then detained. Dkt. No. 12 at 3.

The government responded to that motion, questioning whether the Defendant's discovery of a different third-party custodian provided a legal basis for a motion for reconsideration and reiterating that, regardless, the existence of a third-party custodian is not sufficient to protect the community. *See* Dkt. No. 16.

Magistrate Judge Zia M. Faruqui ordered the Defendant released, *see* November 15, 2021 Minute Order, prompting a government motion for stay and emergency review, Dkt. No. 19, and the Defendant's opposition to that motion, Dkt. No. 21. The government filed a reply to the Defendant's opposition. *See* Dkt. No. 22.

After a hearing before Chief Judge Beryl A. Howell on November 23, 2021, the Defendant was ordered held without bond. In a written decision, Chief Judge Howell found, "that neither the stringent release conditions proposed nor the availability of two third-party custodians sufficiently minimize the risk that defendant would be prevented from further receiving child pornography through his participation in elusive online group chats dedicated to the sexual exploitation of children, including infants." Dkt. No. 23 at 12.

Now, again, the Defendant files a motion for reconsideration, arguing that placement in the High Intensity Supervision Program with strict conditions of release, including two third-party custodians, would reasonably assure the safety of the community. *See* Dkt. No. 40 at 2.

## **ARGUMENT**

The government incorporates by reference its previous factual proffers, as well as all previous arguments on this issue. *See* Dkt. Nos. 4, 16, 19, 22. A detention hearing may be reopened at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the

safety of any other person and the community." 18 U.S.C. § 3142(f)(2). But here, the Defendant's motion to reconsider barely offers any new information, especially when considering his previous motions. *See* Dkt. 12 at 1-2; Dkt. 21 at 3. Even assuming new information has been proffered, however, the selection of yet another secondary third-party custodian only affects the fourth factor of the § 3142(g) analysis. And that new information, alone, is insufficient to change this Court's analysis. Furthermore, the new information does not offset the weight of the first two factors, the nature and circumstances of the offense charged and the weight of the evidence against the defendant. In other words, the analysis of the § 3142(g) factors has not changed.

For example, the Defendant's motion for reconsideration proffers that the Defendant's mother has found a new apartment "completely devoid of internet or Wi-Fi. The only internet capable device in the home is a password protected personal cell phone." Dkt. No. 40 at 2. The Defendant made a similar representation in his November 4, 2021 motion to reconsider. *See* Dkt. 12 at 2. That argument was rejected by Chief Judge Howell. *See* Dkt. No. 23 at 6. The Defendant is technologically savvy and need only gain access to the internet once to further victimize children. And, as evidenced by witness testimony on November 15, 2021, the Defendant has shown that he can conceal his illegal activity from family members.

Moreover, the Defendant indicates that he has no objection to other conditions, such as 24-hour home confinement and the removal of his bedroom door. However, as Chief Judge Howell stated, "the proposed conditions of home confinement do not assuage the Court's concerns that defendant might continue to engage secretly in other exploitative acts, or communicate with individuals performing exploitative acts, in areas of Ms. Contee's home offering more privacy than his doorless bedroom." Dkt. 23 at 7.

Additionally, the Defendant offers a secondary third-party custodian, the Defendant's aunt,

3

who has a technology background and will be able to monitor the Defendant's compliance with any Court orders. Yet however diligent and well-intentioned the proposed third-party custodians are, "serious doubts remain that these conditions will be rigorously and continuously enforced by defendant's … loving and supportive family members," Dkt. 23 at 7, and that family members will promptly report any violations.

    Therefore, ultimately the analysis remains the same. Under the factors outlined in 18 U.S.C. § 3142(g), there are no condition or combination of conditions that will reasonably assure the safety of any person and the community or the Defendant's presence in court if he is released.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   */s/ Angela N. Buckner*
        Angela N. Buckner
        DC Bar #1022880
        Assistant United States Attorney
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, DC 20530
        Phone: (202) 252-2656